

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALFRED FIELDS and LISA FIELDS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-012-A |
| | § | |
| JP MORGAN CHASE BANK, ET AL., | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration in the above-captioned action the motion for summary judgment filed by defendant JP Morgan Chase Bank ("Chase"), and the motion for summary judgment filed by defendants Michael and Jill Varrichio ("the Varichios"). Plaintiffs, Alfred Fields and Lisa Fields, filed their responses to both motions, and Chase filed a reply as to its motion. Having now considered all of the parties' filings, the entire summary judgment record, and the applicable legal authorities, the court concludes that both motions for summary judgment should be granted.

I.

Plaintiffs' Claims

Plaintiffs initiated this action by filing their complaint in the 352nd Judicial District Court of Tarrant County, Texas on February 12, 2013, after Chase sold their home in a foreclosure

sale held February 5, 2013. Chase timely filed its notice of removal on January 16, 2014, after plaintiffs filed an amended petition on December 17, 2013, which asserted claims under federal law for the first time. Plaintiffs filed their second amended complaint on August 13, 2014, which asserted causes of actions against Chase based on violation of the Texas Property Code, breach of contract, anticipatory breach of contract, unjust enrichment, negligence, violations of the Texas Debt Collection Act ("TDCA"), negligent misrepresentation, and violations of the Truth-in-Lending-Act ("TILA"). Plaintiffs also requested a declaratory judgment and an accounting. In their response to Chase's motion for summary judgment, plaintiffs waived their claims for violations of the Texas Property Code, anticipatory breach of contract, negligence, and violations of TILA. They also agreed that should the rest of their claims fail, they will not be entitled to a declaratory judgment or an accounting. Plaintiffs' sole cause of action asserted against the Varrichios was a suit to quiet title.

The second amended complaint also alleged the following damages: (1) reasonable and necessary attorney's fees and costs in the proceedings before this court, and those fees required for an appeal to the Court of Appeals, and thereafter to the Supreme Court; (2) the loss of creditworthiness and the stigma of

foreclosure; (3) mental anguish and acute psychic trauma; (4) the loss of title to their home; (5) the value of the time lost in attempting to correct Chases' errors; and (6) exemplary damages. Compl. at 17.

II.

Undisputed Facts Pertinent to the Motion for Summary Judgment

The following is an overview of evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record:

Plaintiffs purchased the property on August 31, 2001, and executed a note payable to Texas Residential Mortgage, Corp. On that same day, plaintiffs executed a deed of trust to secure payment of the note.

Texas Residential Mortgage, Corp. assigned the deed of trust to Overland Mortgage, L.P. on August 31, 2001. Def.'s Mot. App. Ex. E. Overland Mortgage, L.P. then assigned the deed of trust to Washington Mutual Home Loans, Inc. on August 21, 2002. Id. Ex. F. Washington Mutual Home Loans, Inc. then merged with WMHLI Transfer Interim LP effective March 1, 2002. Id. Ex. C-1. That limited partnership was cancelled on March 1, 2002. Id. Ex. C-2. Washington Mutual Bank went into receivership, and all loans and loan commitments were transferred to JPMorgan Chase Bank National Association September 25, 2008. Id. Ex. H. The home was sold to

3

defendants Michael and Jill Varrichio on February 3, 2013 at the foreclosure sale.

## III.

### Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in

4

the record . . . ."). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citation omitted).

IV.

<u>Analysis</u>

A.  <u>Newly Asserted Claims</u>

In their response to Chase's motion for summary judgment, plaintiffs asserted the following allegations which were not included in their second amended complaint: (1) Chase refused to accept payments and misapplied them in breach of the deed of trust; (2) Chase charged excessive fees; (3) Chase failed to comply with the deed of trust; (4) plaintiffs were promised a loan modification; and (5) Chase refused to give requested information on the application. "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." <u>Cutrera</u>

v. Bd. of Sup'rs of Louisiana State Univ., 429 F.3d 108, 113 (5th Cir. 2005). Therefore, any allegations raised by plaintiffs for the first time in their response to the motion for summary judgment are not properly before the court, and will not be considered.

B.  Breach of Contract

As discussed above, the allegations made by plaintiffs in support of their breach of contract claim differ between their complaint and their response to Chase's motion for summary judgment. Plaintiffs' complaint alleges that Chase breached the deed of trust by failing to provide plaintiffs with notices of acceleration and the right to reinstate. They also argue that Chase waived its right to foreclose. Plaintiffs' response, however, alleges Chase breached the deed of trust by improperly applying payments, not accepting partial payments, and charging grossly excessive fees.

Regardless of the grounds relied upon, because plaintiffs have failed to make mortgage payments for several years and are therefore in default, they cannot bring a breach of contract claim. "In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach

6

of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Smith Intern., Inc. v. Egle Group, LLC, 490 F.3d 380, 387 (5th Cir. 2007). "[A] party to a contract who is himself in default cannot maintain a suit for its breach." Golden v. Wells Fargo Bank, N.A, 557 F. App'x 323, 327-328 (5th Cir. 2014) (holding that mortgagors who did not allege that they had performed under the contract, could not sue lender for breach of contract).[1] Because plaintiffs breached the contract by nonpayment prior to the foreclosure, plaintiffs cannot bring a breach of contract action.

As a defense, plaintiffs pleaded waiver in their second amended complaint, though they did not address such in their response. Nevertheless, Texas law is clear that Chase did not waive its right to foreclose under the facts pleaded. Plaintiffs argue waiver can be found from the fact that Chase instructed them not to make payments in order to qualify for loan modification, and Chase informed plaintiffs that the foreclosure sale would be postponed. Texas law holds that the elements of waiver "include: (1) an existing right, benefit, or advantage; (2) knowledge, actual or constructive, of its existence; and (3)

---

[1] The court recognizes that unpublished opinions of the Fifth Circuit are not precedential. Where cited herein, they are considered instructional.

7

an actual intent to relinquish the right (which can be inferred from conduct)." G.H. Bass & Co. v. Dalsan Properties-Abilene, 885 S.W.2d 572, 577 (Tex. App.— Dallas 1994). Plaintiffs' only evidence of waiver comes from Mr. Fields's affidavit, which states generally that "[i]n February 2010, [he] was told by a representative of Chase not to make any mortgage payments" and that every time he called, he was told that "the bank was working on [their] modification and that the foreclosure sale would be postponed." Pls.' Resp. App. Ex. A. His general and unsubstantiated assertions are insufficient to meet plaintiffs' burden. Furthermore, "Texas courts have also made clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to foreclose." Watson v. CitiMortgage, Inc., 530 F. App'x 322, 326 (5th Cir 2013). Even if plaintiffs could show that Chase made the above-mentioned statements, those actions alone are insufficient to infer an intent to relinquish Chase's right to foreclose.

Chase's motion for summary judgment should be granted as to plaintiffs' breach of contract claim.

B.  <u>Unjust Enrichment</u>

Chase has moved for summary judgment on plaintiffs' unjust enrichment claim, on the basis that a claim for unjust enrichment is improper, because there exists a valid contract between Chase and plaintiffs. In turn, plaintiffs argue that they are entitled to bring their unjust enrichment claim as an alternative theory to their breach of contract claim.

A claim of unjust enrichment "is based upon the equitable principle that a person receiving benefits which were unjust for him to retain ought to make restitution." <u>Bransom v. Standard Hardware, Inc.</u>, 874 S.W.2d 919, 927 (Tex. App.— Fort Worth 1994). Typically, "when a valid express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory . . . ." <u>Fortune Prod. Co. v. Conoco, Inc.</u>, 52 S.W.3d 671, 684 (Tex. 2000). In <u>Fortune Prod. Co.</u>, the court found unjust enrichment inapplicable where there were written contracts. <u>Id.</u> at 685. Plaintiffs are correct that breach of contract and unjust enrichment may be pleaded as alternative theories. <u>Infowise Solutions, Inc. v. Microstrategy, Inc.</u>, No. 3:04-CV-0553-N, 2005 WL 2445436, at *7 (N.D. Tex 2005). However, without a showing that the express, written agreement of the parties is invalid, a claim of unjust enrichment cannot be

9

maintained. <u>Id.</u> None of plaintiffs' causes of action challenge the validity of the written contract. Therefore, plaintiffs' unjust enrichment cause of action is barred, and summary judgment should be granted as to that claim.

C.   <u>Texas Debt Collection Act</u>

Plaintiffs have also alleged that Chase violated four provisions of the TDCA.

1.   <u>Section 392.301(a)(8)</u>

Section 392.301(a)(8) states

> (a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:
>
> (8) threatening to take an action prohibited by law.

Tex. Fin. Code § 392.301(a)(8).[2] However, Section 392.301(b)(3) states

> (b) Subsection (a) does not prevent a debt collector from:
>
> (3) exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings.

Tex. Fin. Code § 392.301(b)(3). Therefore, where the defendant "is a proper mortgagee, threatening foreclosure is expressly

---

[2] The TDCA is codified in sections 392, <u>et seq.</u> of the Texas Finance Code.

10

permitted by the TDCA." <u>Singha v. BAC Home Loans Servicing, L.P.</u>, No. 13-40061, 2014 WL 1492301, at *70 (5th Cir. 2014). Plaintiffs argue that the foreclosure was prohibited by law, because Chase did not follow the procedures outlined in the deed of trust. Plaintiffs offer the conclusory affidavit of Alfred Fields in support of their contention that summary judgment is inappropriate, because there remains a genuine issue of material fact. In the affidavit, Mr. Fields alleged that he was told the foreclosure sale would be postponed, though he offers no specific facts to support his claim. This evidence is not sufficient to create a genuine issue of material fact.

Furthermore, the procedural defects in the foreclosure proceeding alleged by plaintiffs occurred after the sending of letters threatening foreclosure. Therefore, even if the court were to assume, <u>arguendo</u>, that this foreclosure became prohibited by law because of Chase's later actions, such foreclosure was not prohibited by law when threatened. Summary judgment should be granted as to plaintiffs' claims under section 392.301(a)(8).

2. <u>Section 392.303(a)(2)</u>

Section 392.303(a)(2) states

> (a) In debt collection, a debt collector may not use unfair or unconscionable means that employ the following practices:
>
> (2) collecting or attempting to collect interest or charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer . . . .

Tex. Fin. Code § 392.303(a)(2). Plaintiffs alleged that Chase "imposed grossly excessive charges" on their account, and stretched out the loan modification process to allow Chase to charge excess fees. Pls.' Resp. at 10. They argue that Chase "may be authorized, by the deed of trust and note, to charge inspection fees or corporate advances as well as miscellaneous fees, but Defendant is not authorized to subject Plaintiffs' loan to unreasonable charges." <u>Id.</u> at 11. Plaintiffs do not point to a specific provision of the deed of trust or the note which would forbid Chase from collecting "unreasonable charges." Because plaintiffs admit that Chase is authorized to collect the fees assessed and there is no evidence of Chase delaying the loan modification process, summary judgment must be granted as to their claim under section 392.303(a)(2).

12

3. Section 392.304(a)(8)

Section 392.304(a)(8) states

> (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs one of the following practices:
>
> (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding . . . .

Tex. Fin. Code § 392.304(a)(8). Plaintiffs alleged the following misrepresentations: (1) "Defendant told Plaintiff [sic] to stop making payments in order to qualify for a loan modification"; (2) Chase told plaintiffs they "would not foreclose during the modification process"; (3) "Plaintiffs' loan was substantially, unreasonably, and inappropriately overcharged"; (4) "Defendant misrepresented the character and amount of Plaintiffs' debt"; and (5) "JPMC agreed to provide Plaintiffs with a loan modification . . . ." Pls.' Resp. at 12. "[S]tatements regarding loan modifications do not concern the 'character, extent, or amount of a consumer debt' under section 392.304(a)(8)." Chavez v. Wells Fargo Bank, N.A., No. 13-11325, 2014 WL 3938987, at *2 (5th Cir. 2014) (citation omitted). Therefore alleged representations (1), (2), and (5) cannot form the basis for a claim under this provision. Furthermore, alleged representation (5) was not

13

pleaded in plaintiffs' second amended complaint. Regarding alleged representation (3), as discussed in a previous section, there is no evidence that Chase was not permitted to charge the fees it charged. Therefore, plaintiffs did owe those fees, and their inclusion in the amount of the debt was not a misrepresentation. Alleged representation (4) is merely a conclusory statement. Therefore, summary judgment should be granted as to plaintiffs' claim under section 392.304(a)(8).

4. <u>Section 392.304(a)(19)</u>

Section 392.304(a)(19) states

> (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs one of the following practices:
>
> (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

Tex. Fin. Code § 392.304(a)(19). Plaintiffs alleged Chase violated this provision by refusing to give plaintiffs information about their loan modification, and falsely claiming plaintiffs did not submit all of the necessary documentation. Plaintiffs claim they have suffered damages in the form of attorneys' fees, lost title, damage to their credit rating, such that they were denied credit to purchase a vehicle and denied a

14

credit card, and Mr. Fields has suffered depression, elevated blood pressure, and loss of sleep. Pls.' Resp. at 12. "To maintain a claim under section 392.304(a)(19), [borrower] would need to allege that [lender] made an '*affirmative statement*' that was false or misleading." Chavez, 2014 WL 3938987, at *3 (citation omitted). First, none of these claims were pleaded in plaintiffs' second amended complaint, and therefore should not be considered by this court. Furthermore, the first representation is not an affirmative statement, and plaintiffs can show no harm from the second statement. Therefore, summary judgment should be granted as to plaintiffs' claim under section 392.304(a)(1).

D. Negligent Misrepresentation

To support their negligent misrepresentation claim, plaintiffs alleged Chase made the following misrepresentations: (1) foreclosure would be postponed during the loan modification process; (2) they were qualified for loan modification; (3) Chase does not foreclose while a modification is under review; (4) Chase instructed plaintiffs to not make payments during the loan modification process; (5) Chase overstated the amount of plaintiffs' debt by including fees which they were "substantially, unreasonably, and inappropriately overcharged"; and (6) Chase would provide plaintiffs with loan modification.

15

Chase's motion for summary judgment argued that statements of future conduct will not support a claim for negligent misrepresentation, the economic loss doctrine prevents this claim, and the claim is barred by the statute of frauds. Because Chase's first two grounds are sufficient to grant summary judgment, we do not reach its statute of frauds argument.

Under Texas law, the elements of negligent misrepresentation are

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

Federal Land Bank Ass'n of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991). A negligent misrepresentation claim must be based on past or present facts, not future events, opinions, or predictions. Nunn, Yoest, Principals & Assoc., Inc. v. Union Pac. Corp., 69 F. App'x 658 (5th Cir. 2003) (citing to Bryant v. Transcon. Gas Pipe Line Corp., 821 S.W.2d 187, 190 (Tex. App.—Houston [14th Dist.] 1991). Furthermore,

> [u]nder the economic loss rule, a plaintiff may not bring a claim for negligent misrepresentation unless the plaintiff can establish that he suffered an injury that is distinct, separate, and independent from the

16

economic losses recoverable under a breach of contract claim.
<u>Smith v. JPMorgan Chase Bank, N.A.</u>, 519 F. App'x 861, 865 (5th Cir. 2013) (citing to <u>Sterling Chems., Inc. v. Texaco, Inc.</u>, 259 S.W.3d 793, 797 (Tex. App.— Houston [1st Dist.] 2007). Plaintiffs have provided no competent summary judgment evidence that there is a genuine issue of material fact as to any of these alleged misrepresentations. Furthermore, alleged misrepresentations (1), (3), and (6) are promises of future conduct. Alleged misrepresentation (4) is not a statement of fact, but an instruction, and statement (5) was dealt with in a previous section. Also, all of the alleged injuries sustained by plaintiffs stem from the foreclosure, and thus are barred by the economic loss doctrine. Therefore, summary judgment should be granted as to plaintiffs' claims of negligent misrepresentation.

E. <u>Declaratory Judgment and Accounting</u>

The parties agree that plaintiffs' requests for a declaratory judgment and an accounting are remedies, not causes of action. Because summary judgment is granted as to all of plaintiffs' causes of action, they are not entitled to either remedy.

F.  <u>Suit to Quiet Title</u>

The sole claim plaintiffs bring against the Varrichios is a suit to quiet title. Plaintiffs' complaint states that "the Varrichios' claim is invalid because of Chase's wrongful actions leading up to the foreclosure sale." Compl. at 16. Because this court is dismissing plaintiffs claims against Chase, the Varrichio's motion for summary judgment should be granted.

V.

<u>Order</u>

Therefore,

The court ORDERS that the motions for summary judgment of Chase and the Varrichios be, and is hereby, granted, and that all claims and causes of action brought by plaintiffs against defendants, be, and are hereby, dismissed with prejudice.

SIGNED October 29, 2014.

_____
JOHN McBRYDE
United States District Judge

18